# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3563

_____

Hollis J. Larson,                          *
                                           *
            Appellant,                     *
                                           *   Appeal from the United States
      v.                                   *   District Court for the
                                           *   District of Minnesota.
Joan Fabian, Commissioner of               *
Corrections,                               *      [UNPUBLISHED]
                                           *
            Appellee.                      *

_____

Submitted: May 7, 2009
Filed:  May 13, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Hollis Larson appeals the district court's[1] judgment denying his 28 U.S.C. § 2254 petition.  The petition challenged the duration of Larson's sentences imposed on his 1992 and 1993 convictions of criminal sexual conduct in two Minnesota counties, a prison disciplinary sentence, and a subsequent revocation sentence, see State v. Larson, No. C8-93-179, 1993 WL 412998 (Minn. Ct. App. Oct. 19, 1993)

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Arthur J. Boylan, United States Magistrate Judge for the District of Minnesota.

(unpublished opinion) (direct appeal following Anoka County convictions); State v. Larson, 520 N.W.2d 456 (Minn. Ct. App. 1994) (direct appeal following Goodhue County convictions); Larson v. State, C1-96-2418, 1997 WL 309364 (Minn. Ct. App. June 10, 1997) (unpublished opinion) (appeal from denial of postconviction relief as to Goodhue County convictions); Larson v. Fabian, No. A05-1355, 2006 WL 1320474 (Minn. Ct. App. May 16, 2006) (unpublished opinion) (appeal from denial of state habeas petition in part related to revocation sentence).

After denying the petition, the district court granted Larson a certificate of appealability on (1) whether good-time credit could be taken away once earned consistent with state and federal law, (2) whether Minnesota prisoners have a constitutionally protected liberty interest in being released from prison on a specific date, and (3) whether the alteration of Larson's disciplinary plea agreement violated his constitutional rights. Larson's intervening completion of his revocation sentence, however, has mooted these issues, and no collateral consequences have been asserted, nor are any apparent. See Spencer v. Kemna, 523 U.S. 1, 14-18 (1998) (collateral consequences of parole revocation, where habeas petitioner completed revocation sentence after filing petition, were deemed too speculative to overcome finding of mootness); Leonard v. Nix, 55 F.3d 370, 372-73 (8th Cir. 1995). We decline to expand the certificate of appealability to encompass the additional issues raised in Larson's supplemental brief. See Paul v. United States, 534 F.3d 832, 847 (8th Cir. 2008).

Accordingly, the appeal is dismissed.

_____